[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Derby, Connecticut on November 30, 1957. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
There are no minor children issue of the marriage.
The marriage apparently was a happy one for about ten years. Thereafter this relationship deteriorated rapidly and for a long time the parties had nothing to do with each other. While the plaintiff wanted to have counseling to try to solve this problem, the defendant would not agree to that.
The Court finds that the defendant was mostly to blame for the breakup of the marriage. CT Page 2226
The defendant shall pay alimony to the plaintiff at the rate of $300 Per week until the death of either party, the plaintiff's remarriage or cohabitation by her. Said amount shall be paid by a wage execution.
The defendant shall designate the plaintiff as the irrevocable beneficiary of the life insurance policy currently provided by his employer. The defendant shall not elect to decrease coverage at any time, even after retirement, unless such decrease is mandated by the plan.
The defendant shall provide to the plaintiff any documentation and information necessary for the plaintiff to exercise her COBRA rights in the Health Care Partnership medical insurance plan and Standard Dental Plan of Black and Decker. Further, the defendant shall pay to the plaintiff one-half (1/2) of the premium owed by the plaintiff up to a maximum of seventy-five ; ($75.00) dollars per month.
The defendant shall transfer his interest in the real property located at 9 Brently Drive, Shelton, Connecticut, to the plaintiff and he shall waive any claim he might have to said real property. The plaintiff shall be responsible for any and all charges associated with said property, including, but not limited to, utilities and real estate taxes and hold the defendant harmless from any and all liability, and that the defendant be allowed a period of ninety (90) days to vacate said property
The defendant shall transfer his interest in one of the family cemetery plots located at Mount St. Peter's cemetery in Derby, Connecticut, to the plaintiff and he shall waive any claim he might have to said plot.
The defendant shall transfer to the plaintiff his interest in the 1990 Toyota Camry which is presently in the possession of the plaintiff.
The plaintiff shall transfer to the defendant her interest in the 1985 Toyota Camry which is presently in the possession of the defendant.
The personal property located at 9 Brently Drive Shelton, Connecticut, shall become the sole property of the plaintiff, except the personal clothing and effects of the defendant, his CT Page 2227 guns, his tools and the living room set and the bedroom set that were given to the parties from the estate of the defendant!s mother.
All bank accounts and individual retirement accounts shall be given to the plaintiff as her sole property, except any account the defendant might have in his credit union, which account shall remain the sole property of the defendant.
The plaintiff shall waive any interest she might have in any pension, IRA KEOGH plan or deferred savings account the defendant has through his employment with Emhart Fastening Technologies and/or Black and Decker provided that the defendant shall elect the joint and survivor annuity optional payment form pursuant to the qualified domestic relations order of this court. The survivor payment shall be equal to 50% of the defendant's benefit and the plaintiff shall be designated as irrevocable beneficiary.
The plaintiff shall waive any interest she might have to any interest the defendant has or should have in the proceeds of the estate of the defendant's mother, Sophie K. Pagano.
The plaintiff shall transfer to the defendant any interest she might have in any jointly owned Black and Decker stock.
Each party shall be responsible for the debts listed on their own financial affidavits.
The defendant shall pay to the plaintiff, within thirty (30) days of the date of this Memorandum of Decision, the sum of two thousand five hundred ($2500.00) dollars as attorneys fees and costs necessary to prosecute this action.
All documents necessary to effectuate the orders contained herein shall be executed by the necessary party on or before thirty (30) days after the date of this Memorandum of Decision.
On or before January 31st of each year, the defendant shall provide the plaintiff with documentation confirming the existence of the life insurance policy, beneficiary designation and pension payment option designated as ordered herein.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 2228